Rudolph W. ADAMS, Brenda Adams and Theodore R. Adams, Jr., Minors, by Theodore R. Adams, Sr., their father and next friend et al., Plaintiffs,

v.

SCHOOL DISTRICT NUMBER 5, ORANGEBURG COUNTY, SOUTH CAROLINA, a public body corporate, and Larry R. Wells, Chairman of the Board of Trustees of School District Number 5, Orangeburg County, Dr. Harry Atwell, R. S. Williams, Jr., Talley Smith and Edgar Culler, Members, Board of Trustees of School District Number 5, Orangeburg County, South Carolina, and H. A. Marshall, Superintendent of School District Number 5, Orangeburg County, South Carolina, Defendants.

Civ. A. No. 8301.

United States District Court
D. South Carolina,
Orangeburg Division.

Feb. 28, 1967.

Matthew J. Perry, Lincoln C. Jenkins, Jr., Columbia, S. C., Zack E. Townsend, Earl W. Coblyn, Orangeburg, S. C., Jack Greenberg, Robert Belton, New York City, for plaintiffs.

Sims & Sims, James A. Moss, Jerry M. Hughes, Jr., Orangeburg, S. C., David W. Robinson, Columbia, S. C., C. Walker Limehouse, Orangeburg, S. C., for defendants.

## ORDER

SIMONS, District Judge.

This court by its Order of August 12, 1964 (D.C., 232 F.Supp. 692) directed the School Board for Orangeburg District No. 5 to desegregate its school system and to assign pupils on criteria detailed in that Order.

On August 22, 1964 the plaintiffs moved to vacate or amend this Order as not in compliance with the constitutional rights of the plaintiffs in that the plan was vague, did not provide for faculty desegregation and did not adequately advise parents of their freedom to choose among the schools operated by the Board. A hearing was not pressed until May 1966 at which time the United States was allowed to intervene as *amicus*.

This motion for additional relief after consolidation for hearing with motions in cases involving other South Carolina school districts[1] was heard on June 27, 1966. The court had the benefit of exhaustive briefs and oral argument by counsel in the several cases and by the United States Attorney. On August 25, 1966 Chief Judge J. Robert Martin filed a Memorandum Order in the *Greenville, Charleston* and *Darlington* cases which was adopted by this court in its Order of the same date.

By appropriate notice a hearing was had on September 1, 1966 to "receive the views of counsel on how to implement and put into effect the standards set forth in the court's Order of August 25, 1966". After hearing counsel, the School Board in each of the several cases was directed to present an implementation plan within sixty days. Leave was given to present these plans in the form of proposed orders if counsel for any of the School Boards wished so to do.

1. Brunson v. School District No. 1, Clarendon County, S. C., D.C., 271 F.Supp. 586; Whittenberg v. Greenville County School District, Greenville Division, Civil Action No. 4396; Brown v. School District No. 20, Charleston, Charleston Division, D.C., 226 F.Supp. 819; Stanley v. Darlington County School District, Florence Division, Civil Action No. 7749; Randall v. School District No. 2, Sumter County, South Carolina, Columbia Division, D.C., 241 F.Supp. 787.

After a hearing on January 27, 1967 the court ruled that the plan submitted by the Board did not comply with the Memorandum Order of August 25, 1966 and directed the Board to submit an amended plan. This amended plan was filed on February 7, 1967.

There is no contention that the School Board has failed to comply with this court's Order of August 12, 1964. To the contrary the record before the court is uncontradicted that the Board is in full compliance therewith, and no complaints have been presented by plaintiffs or anyone in their behalf. It has been brought to the attention of the court that subsequent to the court's Order the defendants have admitted to the school of the parent's choice every Negro child whose parents requested assignments to schools where pupils were predominantly of the white race. The additional relief to which plaintiffs are entitled, as the Order of August 25, 1966 shows, is not predicated upon the failure of the Board to comply with the prior Order of the court, but is compelled by the later development of the law in this area as proclaimed by recent decisions of the United States Supreme Court and of the Court of Appeals of the Fourth Circuit, and as construed by Chief Judge Martin in his Memorandum Order of August 25, 1966 which has been concurred in by this court.

In the light of this history of the litigation and in keeping with the more recent Appellate Court decisions, the Board has submitted an amended plan of desegregation which, with certain modifications by the court, is approved in the form attached hereto. In the court's opinion it complies with the current interpretation of the Fourteenth Amendment as outlined in Chief Judge Martin's Order of August 25, 1966 and with the Congressional command found in the provisions of the 1964 Civil Rights Act.

This court is fully aware of, sympathetic with, the manifold problems encountered by local school boards in administering their school systems today, and it is not the court's purpose to dictate how the district's schools should be operated, so long as the spirit as well as the letter of the Law of the Land is fulfilled. To this end the attached plan is intended as a general guide setting forth the minimum standards that must be complied with in order that all students alike, regardless of race or color, may be afforded the opportunity to freely exercise their constitutional and inalienable rights, and the full protection of our laws.

The attached amended plan is hereby approved and incorporated therein, and the court's Order of August 12, 1964 is modified accordingly.

A certified copy of this Order, together with a copy of the attached amended plan, shall be forthwith served by the United States Marshal upon all defendants. In the event any of the personal defendants named herein no longer occupy the official position held by them at the commencement of this action, counsel for defendants are directed to make known to the United States Marshal the names of their successors in office who now fill such positions.

To the end that the intent and purposes of this Order will be implemented and fulfilled, the court shall retain jurisdiction of this cause for such further proceedings and the entry of such further orders, as may become necessary and proper in the premises.

And it is so ordered.

## MODIFIED SCHOOL DESEGREGATION PLAN

The following modified plan of desegregation is hereby adopted to be effective immediately.

### I.

#### Assignment of Pupils

Every student attending or planning to attend a school in Orangeburg School District Number 5, or his parent, must choose a school to attend for the 1967–68 school session, and annually must make a choice for each succeeding year. The parent or the student shall indicate a

Choice I, Choice II, and Choice III. Parents of students who have not reached their fifteenth birthday must make the choice for their child. A student fifteen years of age or older may make his own choice of schools; provided, however, that should a choice form be received from both the student and his parent within the choice period, the choice made by the parent shall prevail.[1] Assignment shall be made, in the order of choice, to the school having the facilities and accommodations to admit the student. Should requests for assignment to a particular school be made by more students than the school can accommodate, the distance a pupil lives from such school shall be the establishing factor in establishing preference of entry. A student denied request because of this factor shall be notified promptly and assigned in the order of his other choices to the school having space available. No school official, teacher, or any other person connected with the school system shall attempt to influence a pupil's choice of school in any manner. Neither shall any person attempt to prevent or dissuade any parent or student from making a timely choice as herein provided for.

## II.

### Choice Period

The choice period for students presently attending schools in the District shall be made between the dates of March 1 and April 30 of each year. The choice will be made on forms accompanying a letter to parents explaining the Free Choice Plan. (See Exhibit "A" attached.) These shall be forwarded by students to their parents immediately for the 1967–68 school year, and on or before March 1 of each succeeding year. The form shall be returned to the principal of the school which the student is currently attending, or sent by mail or delivered in person to the office of the superintendent. While the official form is preferred for administrative reasons, any form will be accepted that is intelligible and apprises the school officials of the name of the student, and the name of the school he desires to attend. Duplicate choice forms shall be available in each school to replace lost or destroyed forms. Students moving into the District after April 30 each year shall go directly to the school of their choice and make application for assignment. Beginning students entitled to enrollment under state law shall attend the preschool clinic in the school of their choice and make application for assignment.

## III.

### Failure to Exercise Choice

Although expression of choice is mandatory for or on behalf of all students, where no choice is made by the parent or student as herein provided for the School Board shall assign students to the school nearest to the student's residence which is not already filled to capacity by students for whom choices have been timely made as herein provided for.

## IV.

### Choice May Not Be Changed

Once a choice has been submitted it shall not be changed for the school year to which it applies, whether during the choice period, after the choice period, or during the school year, except for a change of residence or in case of compelling hardship. In the event of change of residence, the student may elect to remain in the school of enrollment for the remainder of the school term.

## V.

### Notification of Assignment

Unless notified to the contrary by May 30, pupils shall report to the school of their first choice on the opening day of school; no requests for transfer after April 30 of each year shall be considered

1. The word "parent" as used in these regulations shall denote the parents, if living together, or the parent or person in loco parentis with whom the pupil resides.

by the Board except upon a showing of exceptional circumstances.

## VI.

### Curricula and Activities

The school curricula and all school activities of the chosen school shall be open to all students attending that school subject to eligibility requirements applied equally to all students regardless of race; and no student shall be denied the right to participate in any school sponsored program or activity because of race or color.

## VII.

### Transportation

Transportation routes shall be established in accordance with South Carolina law and without regard to race in the most economical and efficient manner to transport students eligible for such transportation to their assigned schools. When a student chooses to attend a given school and such student lives beyond the reasonable radius of transportation provided to such school, then it shall be the student's (or his parents') responsibility either to transport himself from his residence to such school or to transport himself to an established school bus stop for a bus serving his school.

## VIII.

### Faculties and Staff

Employment and placement of the faculty and all other employees for the the school year 1967–68 and subsequent school years shall be open to all applicants on a non-racial basis, and each such vacancy shall be filled by the best qualified applicant; race shall not be a factor in the hiring, assignment, promotion, demotion, or dismissal of teachers or any other personnel.

## IX.

### Equality of Schools

While it is recognized that the physical plants and facilities of the schools in the District are not identical, the Board will equalize the facilities of its schools so that a student attending one school will have an equal educational opportunity with those attending other schools in the District. The curricula of all schools shall meet the standards prescribed by the South Carolina Department of Education. While it is not required that all courses offered at one school shall be offered at another, every student through the choice of his school shall have an equal opportunity to choose any course given in the District without regard to race or color.

## X.

### Publication

These rules and regulations shall be posted on the main bulletin board of each school. Attached as Exhibit "B" is the notice which shall be fully published for four weeks commencing immediately in THE TIMES AND DEMOCRAT. In all subsequent years such notice shall be published at least once a week the last two weeks in February and the first two weeks in March.

## EXHIBIT "A"

PREFERENTIAL CHOICE FORM TO BE COMPLETED BY PUPILS AND/OR PARENTS FOR ATTENDING PUBLIC SCHOOLS IN SCHOOL DISTRICT NO. 5 OF ORANGEBURG COUNTY, THE STATE OF SOUTH CAROLINA

March _____, 19__

Each pupil or parent must make a choice with respect to the school the pupil will attend for the school year beginning in the fall of 19__, and this form is provided for the pupil or parents to express such choice.

If a pupil has not reached his fifteenth birthday, the choice must be made by the parent or other person with whom the pupil resides. A pupil over fifteen may make his own choice; provided, however, that should a choice form be received by the Board from both the parent and the pupil within the choice period, the choice made by the parent shall prevail.

This form must be completed and returned to the School Board, a school Principal, or the Office of the Superintendent of Schools by April 30, 19___.

It is the purpose of the Trustees of School District No. 5 of Orangeburg County, South Carolina, to afford, without regard to race, color or creed, unrestricted freedom of selection of schools for every pupil.

Because it may not always be possible to assign a pupil to the first choice school, you must give a second and a third choice.

Please complete the information required hereinbelow and see that this form is properly executed and returned on or before April 30.

1. Name of Child: _____
Last      First      Middle

2. Present Residence Address: _____

3. Date of Birth: _____

4. a) If you are a new student in this District, check here: _____
   b) If you are currently attending school in this District, complete the following:

   School now attending: _____

   Grade in which now enrolled: _____

5. SCHOOL CHOICE: (Indicate first choice with figure "1", second choice with figure "2" and third choice with figure "3")

| | School | Address | Grades |
|---|---|---|---|
| _____ | Dunton Elementary | Goff Avenue | 1–6 |
| _____ | Edisto Drive Elementary | Edisto Drive | 1–6 |
| _____ | Ellis Avenue Elementary | Ellis Avenue | 1–6 |
| _____ | Marshall Elementary | Marshall Heights | 1–6 |
| _____ | Mellichamp Elementary | Murray Road | 1–6 |
| _____ | Nix Elementary | Goff Extension | 1–6 |
| _____ | Randolph Elementary | North Road | 1–6 |
| _____ | Riverside Elementary | Glover Street | 1–6 |
| _____ | Sheridan Elementary | North Road | 1–6 |
| _____ | Whittaker Elementary | Myers Road | 1–6 |
| _____ | Sharperson Junior High | Goff Avenue | 7–8 |
| _____ | Thackston Junior High | Sellers Avenue | 7–8 |
| _____ | Orangeburg High School | Bennett Avenue | 9–12 |
| _____ | Wilkinson High School | Belleville Road | 9–12 |

6. a) Name of Parent or Guardian _____

   b) Present Residence Address
       of Parent or Guardian _____

_____

UNLESS THE PUPIL OR PARENT IS NOTIFIED TO THE CONTRARY BY MAY 30, THE PUPIL SHOULD REPORT TO THE SCHOOL OF HIS FIRST CHOICE ABOVE INDICATED ON THE OPENING DAY OF SCHOOL IN THE FALL OF 19___.

EXHIBIT "B"

NOTICE REGARDING PUBLIC SCHOOL ASSIGNMENTS IN SCHOOL DISTRICT NO. 5, OR ORANGEBURG COUNTY, SOUTH CAROLINA, FOR THE SCHOOL YEAR BEGINNING _____, 19_____.

Pupils now attending public schools in this District are being furnished with Preferential Choice Forms regarding future school assignment with instructions to deliver them to parents or guardians at home for completion and return on or before April 30.

All pupils (or parents on their behalf) expecting to attend the public schools in this District for the school year beginning in the fall of 19___ must file with the School Superintendent's office, the School Board, or a Principal's office, on or before April 30, 19___ a written preference with respect to the school the pupil desires to attend.

No reason need be given for the choice of school made, and assignments of pupils to schools shall be made by the Board without regard to race, color or creed to the end that, consistent with reasonable administrative requirements and within building, space and staff capabilities, there shall be complete freedom of choice in the selection of schools.

The choice form requires pupils or parents to make a first, second and third choice, and if no contrary notification is received by May 30, the pupil should report to the school of his first choice on the opening day of school in 19___.

In the event pupils neglect to deliver the choice form to the home, or for any other reason no form is received, additional forms are available in every school in the District.

Pupils establishing legal residence in this District after April 30 shall be given an opportunity to express assignment choice and should do so immediately after establishing such residence.

The choice of a school must be made by the parent or other person with whom the pupil resides unless the pupil has reached his fifteenth birthdate. A pupil over fifteen may make his own choice; provided, however, that should a choice form be received by the Board from both the parent and the pupil during the choice period, the choice made by the parent shall prevail.