Bobby BRUNSON, Elizabeth Brunson and Ellis Brunson, by McQueen Brunson, their father and next friend et al., Plaintiffs,

v.

BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 1 OF CLARENDON COUNTY, SOUTH CAROLINA; L. B. McCord, County Superintendent of Education; C. E. Buttes, District Superintendent of Education; J. W. Sconyers, Chairman, Board of Trustees; C. N. Plowden, W. A. Brunson, Henry Everett, and L. Richardson, Members of the Board of Trustees, Defendants.

Civ. A. No. 7210.

United States District Court
D. South Carolina,
Charleston Division.
Feb. 28, 1967.

Matthew J. Perry, Lincoln C. Jenkins, Jr., Columbia, S. C., James M. Nabrit, III, Jack Greenberg, Robert Belton, New York City, for plaintiff.

David W. Robinson, Columbia, S. C., for defendants.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., James Phillips, U. S. Dept. of Justice, Washington, D. C. (for amicus curiae).

## ORDER

SIMONS, District Judge.

This court by its Order of August 19, 1965 (244 F.Supp. 859) directed the School Board for Clarendon District No. 1 to desegregate its school system and to assign pupils on criteria detailed in that Order.

On August 31, 1965 the plaintiffs moved to vacate or amend this Order as not in compliance with the constitutional rights of the plaintiffs in that the plan was vague, did not provide for faculty desegregation and did not adequately advise parents of their freedom to choose among the schools operated by the Board. A hearing was not pressed until May 1966 at which time the United States was allowed to intervene as *amicus*.

This motion for additional relief after consolidation for hearing with motions in cases involving other South Carolina school districts [1] was heard on June 27,

---

1. Adams v. School District No. 5, Orangeburg County, S. C., D.C., 271 F.Supp. 579; Whittenberg v. Greenville County School District, Greenville Division, Civil Action No. 4396; Brown v. School District No. 20, Charleston, Charleston

1966. The court had the benefit of exhaustive briefs and of oral argument by counsel in the several cases and by the United States Attorney. On August 25, 1966 Chief Judge J. Robert Martin filed a Memorandum Order in the *Greenville, Charleston* and *Darlington* cases which was adopted by this court in its Order of the same date.

By appropriate notice a hearing was had on September 1, 1966 to "receive the views of counsel on how to implement and put into effect the standards set forth in the court's Order of August 25, 1966". After hearing counsel, the School Board in each of the several cases was directed to present an implementation plan within sixty days. Leave was given to present these plans in the form of proposed orders if counsel for any of the School Boards wished so to do.

After a hearing on January 27, 1967 the court ruled that the plan submitted by the Board did not comply with the Memorandum Order of August 25, 1966 and directed the Board to submit an amended plan. This amended plan was filed on February 6, 1967.

There is no contention that the School Board has failed to comply with this court's Order of August 19, 1965. To the contrary the record before the court is uncontradicted that the Board is in full compliance therewith, and no complaints have been presented by plaintiffs or anyone in their behalf. It has been brought to the attention of the court that the defendants have admitted to the school of the parent's choice every Negro child whose parents requested 1966–67 assignments to schools where pupils were predominantly of the white race. The additional relief to which plaintiffs are entitled, as the Order of August 25, 1966 shows, is not predicated upon the failure of the Board to comply with the prior Order of the court, but is compelled by the later development of the law in this

area as proclaimed by recent decisions of the United States Supreme Court and of the Court of Appeals of the Fourth Circuit, and as construed by Chief Judge Martin in his Memorandum Order of August 25, 1966 which has been concurred in by this court.

In the light of this history of the litigation and in keeping with the more recent Appellate Court decisions, the Board has submitted an amended plan of desegregation which, with certain modifications by the court, is approved in the form attached hereto. In the court's opinion it complies with the current interpretation of the Fourteenth Amendment as outlined in Chief Judge Martin's Order of August 25, 1966 and with the Congressional command found in the provisions of the 1964 Civil Rights Act.

This court is fully aware of, sympathetic with the manifold problems encountered by local school boards in administering their school systems today, and it is not the court's purpose to dictate how the district's schools should be operated, so long as the spirit as well as the letter of the Law of the Land is fulfilled. To this and the attached plan is intended as a general guide setting forth the minimum standards that must be complied with in order that all students alike, regardless of race or color, may be afforded the opportunity to freely exercise their constitutional and inalienable rights, and the full protection of our laws.

The attached amended plan is hereby approved and incorporated herein, and the court's Order of August 19, 1965 is modified accordingly.

A certified copy of this Order, together with a copy of the attached amended plan, shall be forthwith served by the United States Marshal upon all defendants. In the event any of the personal defendants named herein no longer occupy the official position held by them at

Division, D.C., 226 F.Supp. 819; Stanley v. Darlington County School District, Florence Division, Civil Action No. 7749;

Randall v. School District No. 2, Sumter County, South Carolina, Columbia Division, D.C., 241 F.Supp. 787.

the commencement of this action, counsel for defendants are directed to make known to the United States Marshal the names of their successors in office who now fill such positions.

To the end that the intent and purposes of this Order will be implemented and fulfilled, the court shall retain jurisdiction of this cause for such further proceedings and the entry of such further orders, as may become necessary and proper in the premises.

And it is so ordered.

## MODIFIED SCHOOL DESEGREGATION PLAN

The following modified plan of desegregation for School District No. 1, Clarendon County, South Carolina, is hereby adopted to be effective immediately:

### I.

### The Assignment of Pupils

#### A. *Purpose*

Consistent with the reasonable administrative requirements hereinafter stated and within the capacity of the schools in District No. 1 the Board shall accord to the pupils attending public schools in the district freedom to select the school of their choice.

#### B. *Opportunity to Choose*

The Board shall immediately, through the principal of each school, distribute to the parent of each child a form (a copy of which is attached) on which the parent or student will indicate his preference as to the school to which it is desired that the student attend during the school year 1967–68. In subsequent years such form shall be distributed on or before March 1st of each year. In the event completed choice forms are not returned promptly the Board will take other steps to obtain a choice on behalf of such student. The form shall permit a second and a third choice. Included in this form is a simple explanation of the form and a request urging the parent to promptly complete and return the choice form. While the use of the attached form is preferable the Board will honor any informal written choice which is intelligible, and which apprises the school officials of the name of the student and the name of the school he desires to attend. Wherever the word "parent" is used it shall be understood to include a person standing in place of the parent. The choice of schools required herein must be made by the student's parent or other person with whom he resides if the student has not reached his fifteenth birthday. Students fifteen years of age or older may make their own choice of schools; provided, however, that should a choice form be received from both the student and his parent within the choice period, the choice made by the parent shall prevail.

Parents shall have until April 30 of each year to complete and return their preferences for the next ensuing school year. In the event any parent or student fails to make a choice by April 30th but does make a choice prior to the opening of school the Board may honor such late choice subject to a preference in favor of those making a timely choice. If no choice is made then the Board shall assign the student to the school nearest to the student's residence which is not already filled to capacity by students for whom choices have been made as herein provided for. Unless the Board notifies the parent in writing prior to May 30th to the contrary the child shall be enrolled in the school of his first choice, and the child shall report to such school on the opening day of the session.

In case any child moves into the district after April 30th or changes his place of residence within the district after April 30th, the parent shall have a reasonable time thereafter to indicate his school preference. Such preference will be honored by the Board, subject, however, to the capacity of the school.

In case of children entering the first grade a similar opportunity will be given

to the parent to choose the school to which he desires his child to attend.

No school official, teacher, or any other person connected with the school system shall attempt to influence a pupil's choice of school in any manner. Neither shall any person attempt to prevent or dissuade any parent or student from making a timely choice of school as herein provided for.

### C. *Publication*

The Board shall publish in the MANNING TIMES the notice attached, once a week for four weeks commencing immediately. In all subsequent years such notice shall be published at least once a week the last two weeks in February and the first two weeks in March.

### II.

### *Transportation*

In accordance with South Carolina law the District shall provide transportation for students who live a certain distance from the school. Such transportation to the school shall be available to all students without regard to race.

When a student chooses to attend a given school and such student lives beyond the reasonable radius of transportation provided to such school, then it is the student's (or his parents') responsibility, to either transport himself from his residence to such school or to transport himself to an established school bus stop within the transportation radius of his chosen school.

### III.

### *Curricula and Activities*

The school curricula and all school activities of the chosen school shall be open to all students attending that school subject to eligibility requirements applied equally to all students regardless of race; and no student shall be denied the right to participate in any school sponsored program or activity because of race or color.

### IV.

### *Faculties and Staff*

Beginning with the hiring of teachers, staff and other employees for the year 1967–68, employment and placement of teachers and staff shall be done on a nonracial basis. Teachers, and all other employees, shall be selected solely on the basis of qualifications. Race shall not be a factor in hiring, assignment, promotion, demotion or dismissal of teachers or any other personnel.

### V.

### *Equality of Schools*

While recognizing that the physical plants, equipment and furnishings of the schools in the district are not identical, the Board will equalize the facilities of its schools to the end that a student attending one will have an equal educational opportunity with those attending other schools in the district.

The curricula of all schools shall meet the standards prescribed by the South Carolina Department of Education. While all courses given at one school may not be given at another, every student through the choice of his school shall have an equal opportunity to choose any course given in the district without regard to race, color or creed.

### NOTICE FOR STUDENT ENROLLMENT
### SUMMERTON SCHOOLS
### SCHOOL DISTRICT NO. 1
### CLARENDON COUNTY
(For publication in the MANNING TIMES)

The parents of all students seeking enrollment at any school in the district must file with the school on or before April 30, 1967 a written preference as to the school which he desires his child to attend. No reason for the choice need be given. Forms for such choice will be sent to each parent by his child immediately. This form should be completed promptly and returned to the school by the pupil or in some other manner. In the event a parent does not re-

ceive a form from his child he should apply to the principal of the school or to the Superintendent, for a form, which shall be available in their offices. These choice forms must be returned to the school not later than April 30, 1967.

Parents of children moving into the district after April 30, 1967 should apply to the office of the District Superintendent or to that of one of the school principals for forms and should file such completed forms promptly.

Assignment of students to schools shall be made by the Board without regard to race, color or creed. Subject to compliance with reasonable administrative requirements and with the capacity of the several schools the School Board will accord to the parents of the children attending public schools in the district freedom to select the school of their choice. The choice of a school must be made by the parent or other person with whom the pupil resides unless the pupil has reached his fifteenth birthdate. A pupil over fifteen may make his own choice; provided, however, that should a choice form be received by the Board from both the parent and the pupil during the choice period, the choice made by the parent shall prevail.

### PUPIL CHOICE FORM
### SUMMERTON SCHOOL DISTRICT NO. 1
### SUMMERTON, S. C.

March _____, 1967

This form is provided for you to choose the school your child will attend for the school year beginning about September 1, 1967. Each parent must make a choice and see that the completed form is returned to the school on or before April 30, 1967.

In the case of parents of children now attending one of the schools of the district this form is being sent by your child. You should make your choice, sign the form and return it by the child promptly. In case of a child who will attend a school in this district for the first time these forms should be obtained by the parent from the office of the District Superintendent or from that of one of the school principals.

No child will be denied admission to any school in the district because of race, color or creed.

1. Name of Child _____
   Last   First   Middle

2. Age _____

3. School and grade currently or last attended _____
   Grade _____

4. School chosen (Mark X besides school chosen)

| Name of School | Grades | Location |
|---|---|---|
| ___ Scott's Branch Elementary | 1–8 | Summerton |
| ___ St. Paul Elementary | 1–8 | Summerton |
| ___ Summerton Elementary | 1–6 | Summerton |
| ___ Scott's Branch High | 9–12 | Summerton |
| ___ Summerton High | 7–12 | Summerton |

_____Second Choice  Third Choice _____

_____
Parent or Guardian*

Unless the parent has been advised in writing by May 30, 1967 that this child has not been assigned to the school of the parent's first choice he should report to that school on the opening day of school.

------

This space is to be filled in by the Superintendent's office, not by person signing.   The above student is assigned to _____ _____ School for the year 19___–19___.

_____

Superintendent
Summerton School District No. 1

*NOTE: The choice of a school must be made by the parent or other person with whom the pupil resides unless the pupil has reached his fifteenth birthdate.  A pupil over fifteen may make his own choice; provided, however, that should a choice form he received by the Board from both the parent and the pupil within the choice period, the choice made by the parent shall prevail.